IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER GORDON, VALERIE TANTLINGER and JENNIFER UNDERWOOD**, on Behalf of Themselves and All Others Similarly Situated<br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>**KOHL'S DEPARTMENT STORES, INC.** and **CAPITAL ONE, NATIONAL ASSOCIATION**,<br>　　　　　　　　Defendants. | CIVIL ACTION<br><br><br><br>NO.  15-730 |

# **O R D E R**

**AND NOW**, this 28th day of March, 2016, upon consideration of Defendants Kohl's Departments Stores, Inc. ("Kohl's") and Capital One, National Association's ("Capital One") Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint (ECF No. 67); Plaintiffs Jennifer Gordon, Valerie Tantlinger, and Jennifer Underwood's Response in Opposition thereto (ECF No. 73); Plaintiffs' Reply in Support thereof (ECF No. 76); Plaintiffs' Supplemental Letter Brief in Opposition thereto (ECF No. 79); Defendants' Response Letter Brief in Support thereof (ECF No. 80); Defendants' Notice of Supplemental Authority (ECF No. 81); and Plaintiffs' Response to Defendants' Notice of Supplemental Authority (ECF No. 84), and for the reasons provided in the Court's Opinion of March 28, 2016 (ECF No. 86), **IT IS ORDERED** that:

　　(1) Defendants' motion to dismiss is **GRANTED** with respect to the following claims, which are **DISMISSED WITH PREJUDICE**:

　　　　(a) Plaintiffs' breach of the covenant of good faith and fair dealing (Count I) claims arising from charges incurred prior to February 13, 2012;

    (b) Plaintiffs' unjust enrichment (Count II) claims arising from payment received by Defendants prior to February 13, 2012;

    (c) Plaintiffs Gordon's and Underwood's breach of the covenant of good faith and fair dealing claims based on the theory that Kohl's Account Ease ("KAE") and PrivacyGuard had little or no value (the "No Value" theory) against both Defendants;

    (d) Plaintiff Tantlinger's KAE-related breach of the covenant of good faith and fair dealing claims based on the No Value theory against Defendant Capital One; and

    (e) All Plaintiffs KAE-related unjust enrichment claims based on the No Value theory against both Defendants.

(2) Defendants' motion to dismiss is **DENIED** with respect to the following claims, insofar as they accrued on or after February 13, 2012:

    (a) Plaintiff Tantlinger's KAE-related breach of the covenant of good faith and fair dealing claims based on the No Value theory against Defendant Kohl's;

    (b) Plaintiff Underwood's PrivacyGuard-related unjust enrichment and breach of the covenant of good faith and fair dealing claims based on the No Value theory against both Defendants;

    (c) All Plaintiffs' breach of the covenant of good faith and fair dealing claims based on the theory that Defendants lacked authorization to charge Plaintiffs for KAE and/or PrivacyGuard (the "No Authorization" theory); and

    (d) All Plaintiffs' unjust enrichment claims based on the No Authorization theory.

.

                                      **BY THE COURT:**

                                      **/S/WENDY BEETLESTONE, J.**

                                      _____

                                      **WENDY BEETLESTONE, J.**