# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER UNDERWOOD, on Behalf of Herself and All Others Similarly Situated, Plaintiffs,** | **CIVIL ACTION** |
| **v.** | |
| **KOHL'S DEPARTMENT STORES, INC. and CAPITAL ONE, NATIONAL ASSOCIATION, Defendants,** | **NO. 15-730** |

## <u>MEMORANDUM OPINION</u>

This case involves a class action, brought by named Plaintiff Jennifer Underwood against Defendants Kohl's Department Stores, Inc. and Capital One, National Association, arguing that the two companies were unjustly enriched at her and the class's expense. Plaintiff contends that Defendants profited from a deficient credit-monitoring product called "PrivacyGuard" that was sold to her and members of the class. In particular, when Plaintiff and class members did not complete the second step in registering for PrivacyGuard services, they did not receive the full range of promised credit-monitoring services. In the instant motion, Defendants argue that Plaintiff's claim is equitable in nature, and thus she is not entitled to a jury trial. For the reasons that follow, Defendants' motion shall be denied.

The facts of this case have been given previously, *see Underwood v. Koh''s Dep't Stores, Inc.*, 2017 WL 5261535, at *1-2 (E.D. Pa. Nov. 13, 2017), and need not be repeated here.

The Seventh Amendment to the Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. . ." U.S. Const. amend. VII. The Amendment has been interpreted to apply to

statutory rights "analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century as opposed to those customarily heard by courts of equity or admiralty." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41-42 (1989). To ascertain whether a right to a jury trial attaches to a particular claim, courts first "compare the [action at issue] to 18th-century actions brought in the courts of England prior to the merger of law and equity," and second, "examine the remedy sought and decide whether it is legal or equitable in nature." *Id.* at 42. "[T]he second stage of this analysis is more important than the first." *Id.*

"The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law." *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010).

The first step—comparing Plaintiff's unjust enrichment claim to 18th century actions—weighs in favor of finding this claim to be legal, rather than equitable. "The modern formulation of the term 'unjust enrichment' is actually the scholarly creation of the American Law Institute," and "is a synthesis of both law and equity principles" that existed in the era of the divided bench. *Dastgheib v. Genentech, Inc.*, 457 F. Supp.2d 536, 542 (E.D. Pa. 2006). Nonetheless, courts have held that similar actions are "quasi-contractual" where a plaintiff contends that she provided funds to defendants "in reliance on certain misrepresentations that [defendants] made and that [defendants] ha[ve] thereby been unjustly enriched." *Id.* at 542-43; *see also Bellanca Corp. v. Bellanca*, 169 A.2d 620, 623 (De. 1961) ("[Q]uasi-contractual relationships are based upon unjust enrichment and upon an imposed duty to restore a plaintiff to a former status."). "A quasi-contractual claim is akin to the assumpsit actions of eighteenth-century England, which were 'indisputably 'law' cases.'" *Dastgheib*, 457 F. Supp.2d at 543 (quoting Dan B. Dobbs, Law of Remedies: Damages—Equity—Restitution, 378, 385 n.8 (1993)).

The second, more important step—whether the remedy sought is legal or equitable in nature—also weighs in favor of finding a right to a jury trial. Plaintiff seeks restitution of funds that were paid to Defendants for limited benefits under the PrivacyGuard service enhancement. Restitution is not per se legal or equitable in nature. *Reich v. Continental Casualty Co.*, 33 F.3d 754, 756 (C.A.7 1994) (Posner, J.) ("[R]estitution is a legal remedy when ordered in a case at law and an equitable remedy . . . when ordered in an equity case."). Here, however, the type of restitution that Plaintiff seeks is generally classified as a legal remedy.

In *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), the Supreme Court distinguished between legal and equitable restitution—albeit in the ERISA context. The Court explained that restitution at law existed "[i]n cases in which the plaintiff could not assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him." *Id.* at 213 (internal quotation marks omitted). "In such cases, the plaintiff's claim was considered legal because he sought to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money." *Id.* (internal quotation marks omitted). "In contrast, a plaintiff could seek restitution *in equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Id.* (emphasis added). Subsequently, in *Sereboff v. Mid Atlantic Med. Svcs., Inc.*, 547 U.S. 356 (2006), again in the ERISA context, the Supreme Court found that restitution was equitable in nature where a plaintiff "sought its recovery through a constructive trust or equitable lien on a specifically identified fund, not from the [defendants'] assets generally," *id.* at 363.

There is some doubt as to whether *Great-West* and other ERISA cases apply in the

Seventh Amendment context.  *Compare F.T.C. v. Commerce Planet, Inc.*, 815 F.3d 593, 602 (9th Cir. 2016) (declining to import "'legal' restitution as defined in *Great–West*" to Seventh Amendment context), *with Pereira v. Farace*, 413 F.3d 330, 340 (2d Cir. 2005) (holding that *Great-West* impacted Seventh Amendment analysis of restitution as legal or equitable remedy). However, the Third Circuit has indicated that there is symmetry between the Seventh Amendment and ERISA definitions of equitable remedies.  *See Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 79 n.10 (3d Cir. 2012) ("Because ERISA § 502(a)(3) authorizes only 'equitable relief,' no right to a jury trial attaches under the Seventh Amendment to the United States Constitution.").  Accordingly, *Great-West* and *Sereboff* are instructive here.

Applying these cases to the instant matter, the restitution sought here is legal, not equitable, in nature.  There is no specifically identified fund or account from which Plaintiff seeks to draw; rather, the Plaintiff seeks recovery from Defendants' assets generally.  *See Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651, 658-59 (2016) ("Equitable remedies are, as a general rule, directed against some specific thing; they give or enforce a right to or over some particular thing rather than a right to recover a sum of money generally out of the defendant's assets.") (internal punctuation omitted); *see also Sackman v. Teaneck Nursing Ctr.*, 86 F. App'x 483, 485 (3d Cir. 2003) (finding restitution in equity where plaintiffs "do not identify a specific block of money that passed from the [plaintiffs] to [defendant]; rather, they seek to impose a form of 'personal liability' on [defendant] based on what is essentially an implied contract"); *Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Bollinger, Inc.*, 573 F. App'x 197, 202 (3d Cir. 2014) ("[R]egardless of how many different labels [plaintiff] applies to its claims, fundamentally it is seeking an order compelling appellees to pay it a sum of money that is not segregated from appellees' other assets[;] [s]uch an attempt

4

does not seek equitable relief").  Defendants note that the amount in controversy is fixed; however, they do not assert that there is a specifically identified fund or asset that this clearly traceable to the PrivacyGuard charges.  Thus recovery would be from Defendants' general assets, which "is a *legal* remedy, not an equitable one."  *Montanile*, 136 S. Ct. at 658.

On balance, and particularly given that the second factor is the more important, the claim at issue here is legal rather than equitable in nature.  Accordingly, the Seventh Amendment right to a jury trial attaches.  Defendants' motion therefore shall be denied.

An appropriate order follows.

**February 14, 2019**                              **BY THE COURT:**

                                                   **/s/ Wendy Beetlestone, J.**
                                                   _____
                                                   **WENDY BEETLESTONE, J.**