IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER UNDERWOOD, On behalf of Herself and All Others Similarly Situated,**<br>**Plaintiff,**<br><br>v.<br><br>**KOHL'S DEPARTMENT STORES, INC. and CAPITAL ONE, NATIONAL ASSOCIATION,**<br>**Defendants,** | CIVIL ACTION<br><br><br><br>NO. 15-730 |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT,
AUTHORIZING DISSEMINATION OF CLASS NOTICE, AND
SETTING A HEARING ON FINAL APPROVAL**

**AND NOW**, this 27th day of March, 2019,

**WHEREAS**, Plaintiff Jennifer Underwood and Defendants, Kohl's Department Stores, Inc. and Capital One, National Association (collectively "the Defendants"), have entered into a Settlement Agreement between Plaintiff, the Class, and the Defendants.

**WHEREAS**, Plaintiff has filed an Unopposed Motion for Preliminary Approval of Class Settlement and Incorporated Memorandum of Law and the Court has reviewed and considered the Motion, the supporting brief, the Settlement Agreement, and all exhibits thereto including the proposed class notice (the "Notice"), and finds that, pursuant to Federal Rule of Civil Procedure Rule 23(e), there is a sufficient basis for granting preliminary approval of the Settlement Agreement, authorizing Notice to be disseminated to the Class, and setting a hearing at which the Court will consider whether to grant final approval of the settlement;

**IT IS HEREBY ORDERED** as follows:

1. The Court preliminarily approves the proposed settlement, finding that the terms of the Settlement Agreement are likely to satisfy Federal Rule of Civil Procedure 23(e)(2), as fair, reasonable, and adequate.  The Settlement Agreement provides that Defendants shall pay $1.8 million to Plaintiffs, which represents the majority of the total amount that Plaintiffs paid for the credit

card product, PrivacyGuard, which underlies this dispute, and nearly all the amount that the Defendants (rather than other entities) received for the provision of PrivacyGuard.  Not more than one third of the $1.8 million shall be dispersed to class counsel.  The Settlement Agreement treats class members equally relative to each other, by contemplating that the funds shall be distributed on a pro rata basis depending on the amount paid for PrivacyGuard.  Further, Plaintiff and class counsel have adequately represented the class.  The Settlement Agreement was negotiated at arm's length, and was reached only after discovery was closed and on the eve of trial.  Accordingly, the showing made by the parties warrants dissemination of the Notice to the Class previously certified as:

> All persons with a Kohl's Private Label Credit Card who (a) paid $14.99 a month for PrivacyGuard between February 13, 2012 to October 31, 2013; (b) did not complete the second step of PrivacyGuard enrollment; and (c) opened a Kohl's Private Label Credit Card account before April 1, 2011.  Excluded from the class is anyone who received a complete refund of her PrivacyGuard fees levied between February 13, 2012 to October 31, 2013, as well as any employees of either Defendant or Trilegiant Corp., the third-party administrator of the PrivacyGuard program.

ECF Nos. 204, 223.

2. The Court hereby approves the form and procedures for disseminating notice of the proposed settlement to the Class as set forth in the Settlement Agreement.  The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Class in full compliance with the requirements of applicable law.

3. Epiq shall serve, again, as the Settlement Administrator and shall be responsible for administering the settlement in accordance with the provisions of the Settlement Agreement. The Settlement Administrator shall disseminate the Notice via the following: (1) standard first-class U.S. Mail; (2) electronic mail, where available; and (3) publish the Notice on a designated website (http://kohlsprivacyguardclassaction.com (the "Notice Plan").  The Court reserves the right to amend the Notice approved by this Order as may be required to be consistent with the Settlement Agreement and any subsequent orders that the Court may enter in connection with the notice, opt-out, and objection procedures, Settlement Administration, or other matters related to

the administration of the Settlement Agreement.

4.      Any Class Member shall have the right to opt out of the Class and the settlement by sending a written request for exclusion from the Class as set forth in the Notice, postmarked no later than the deadline provided for such exclusions stated in the Notice ("Opt-Out Notice"). To be effective, the Opt-Out Notice must: (1) be in writing; and (2) must be served within the deadline set forth in the Notice.  Any Class Member who does not submit a timely and valid Opt-Out Notice shall be subject to and bound by the Settlement Agreement and every order or judgment entered concerning the Settlement Agreement.

5.      Any Class member may object to this Agreement by sending a written objection to the Clerk of the Court and serving copies of the objection as described in the Notice, within thirty (30) days after mailing of the notice of the proposed settlement.  All objections must be in writing and personally signed by the Class member and include: (1) the objector's name, address, and telephone number; (2) a sentence stating that to the best of his or her knowledge that they are a member of the Class; (3) the name and number of the case: Underwood v. Kohl's Department Stores, Inc., et al., docket no. 2:15-cv-00730; (4) the factual basis and/or legal grounds for the objection to the Agreement; (5) the identity of any witnesses whom the objector may call to testify at the Final Fairness Hearing; and (6) copies of any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing.  The written objection must indicate whether the Class member and/or their counsel intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the last day of the exclusion/objection deadline set by the Court and shall include the full caption and case number of each previous class action in which that counsel has represented an objector.

6.      The Court shall hold a Final Fairness Hearing addressing the final approval of the Settlement Agreement, an award of fees and expenses to Class Counsel, and an incentive award payment to the Class Representative, in Courtroom 3B at the United States District Court for the

Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106.  At the Final Fairness Hearing, the Court will consider: (i) whether the settlement should be finally approved as fair, reasonable, and adequate for the Class; (ii) whether a judgment granting approval of the settlement and dismissing the lawsuit with prejudice as to Defendants should be entered; and (iii) whether Class Counsel's application for attorneys' fees and expenses, costs of notice and administration, and incentive award for the Class Representative should be granted.

7. Any Class Member wishing to speak at the Final Fairness Hearing must send a letter stating his or her desire to appear in person, or through counsel, at the Fairness Hearing to the Court no later than the deadline for such notice of intention to appear as set forth in the Class Notice.  Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the last day of the exclusion/objection deadline set by the Court and shall include the full caption and case number of each previous class action in which that counsel has represented an objector.

8. The following schedule shall govern the class action settlement proceedings:

   i. The Settlement Administrator must cause individual notice, substantially in the form attached to the Settlement Agreement as Exhibit A, to be mailed via first-class mail and electronic mail to all reasonably identifiable Class Members, and posted to the designated website on or before April 8, 2019.

   ii. Class Members must postmark any letter objecting to the proposed settlement, requesting exclusion from the proposed settlement, or stating they wish to appear at the Final Fairness Hearing within thirty (30) days from the date the Notice is postmarked.

   iii. The parties to the Settlement Agreement shall submit any motions for final approval of the proposed settlement, including any for the approval of attorneys' fees and expenses for Class Counsel, and any incentive award

4

      for the Class Representative, on or before June 10, 2019.

    iv. The Final Fairness Hearing shall be held on July 22, 2019 at 2pm.

  9. Non-substantive changes and changes necessary to correct any inconsistency between the approved forms and the Settlement Agreement may be made by the mutual agreement of Class Counsel and counsel for the Defendants.

  10. All costs incurred in connection with dissemination and publishing the Notice shall be paid as provided by the terms of the Settlement Agreement.

  11. The Court reserves the right to adjourn the date of the Final Fairness Hearing without further notice to the Class, and retains jurisdiction to consider all further applications arising out of or in connection with the proposed settlement. The Court may approve the settlement, with such modification as may be agreed to by the Parties, if appropriate, without further notice.

              **BY THE COURT:**

              **/s/Wendy Beetlestone, J.**

              _____
              **WENDY BEETLESTONE, J.**