**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JENNIFER UNDERWOOD, on Behalf of Herself and All Others Similarly Situated,<br>    Plaintiffs,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC. and CAPITAL ONE, NATIONAL ASSOCIATION,<br>    Defendants. | )<br>)<br>)<br>)<br>) NO. 15-730<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION AND INCORPORATED MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION FOR AN AWARD OF ATTORNEYS' FEES,
<u>EXPENSES, AND SERVICE AWARD FOR CLASS REPRESENTATIVE</u>**

**I.     INTRODUCTION**

Class Counsel, Saltz, Mongeluzzi, Barrett & Bendesky, P.C. and McLaughlin & Stern, LLP, ("Class Counsel") requests that the Court award them one-third of the $1.8 million settlement fund, $600,000, plus reimbursement of litigation expenses in the amount of $220,978.94[1], reimbursement of costs associated with notice and administration, as well as an incentive award in the amount of $5,000 for Class Representative, Ms. Underwood. Plaintiffs' request, pursuant to the standards prescribed by the Third Circuit for evaluating requests for attorneys' fees, is well supported. Indeed, even after the deduction of certain time exclusively related to tasks devoted only to the Kohl's Account Ease ("KAE") portion of the case, the collective lodestar is still $2,956,189.50, resulting in a ***negative*** multiplier of .20.[2] Indeed, if the Court were ***only*** to consider the work performed by Class Counsel after the dismissal of the KAE claims in August 2017, including class certification, opposing a petition to appeal, delivering notice to the certified class, and full trial preparation, certainly the requested fee would be well within the range of reason.

Not a single class member has objected to Class Counsel's request for such an award. As

---

[1] Class Counsel has reduced their expenses for items related solely to the prosecution of Kohl's Account Ease portion of the case, including expenses related to the depositions of the dismissed named plaintiffs and travel for the deposition of KAE's third-party administrator, Assurant.

[2] After several attempts, Class Counsel concluded that it was a virtual impossibility to segregate time expended solely to the PrivacyGuard portion of the case versus KAE. Indeed, the documents Defendants produced largely dealt with both KAE and PrivacyGuard. Likewise, the witnesses who were deposed were assigned to oversee both KAE and PrivacyGuard. Hypothetically, if the cases were separated and filed in two different courthouses the same witnesses and documents would have been produced in each action sans a few. Class Counsel did, however, remove time that they were aware related solely to KAE tasks, such as, the depositions of the putative class representatives for the KAE claims and discovery related to third-parties associated only with KAE.

1

set forth below, the Court should grant the request.[3]

## II.   FACTUAL AND PROCEDURAL HISTORY

For the sake of brevity, Class Counsel adopts and incorporates by reference the factual and procedural history set forth in their memorandum seeking final approval of the proposed settlement (ECF No. 282) filed contemporaneously with this memorandum.

## III.   AWARD OF ATTORNEYS' FEES AND EXPENSES

An award of one-third of the common fund is a reasonable and typical portion of a settlement to be awarded as fees, and is well within the range of approval in the Third Circuit.

### A. Awarding a Reasonable Percentage of the Fund Recovered is the Appropriate Method for Awarding Class Counsel's Attorneys' Fees in this Common Fund Settlement.

The percentage-of-the-fund method of awarding fees has become an accepted, if not the prevailing, method for awarding fees in common fund cases in the Third Circuit and throughout the United States.  Courts have long recognized that "'a private plaintiff, or plaintiff's attorney, whose efforts create, discover, increase, or preserve a fund to which others also have a claim, is entitled to recover from the fund the costs of his litigation, including attorneys' fees.'"[4]  The purpose of compensating counsel in this manner means that "those who benefit from the creation

---

[3] *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (class counsel who recover a common fund for the benefit of persons other than their client are entitled to a fair and reasonable award of attorneys' fees from the fund as a whole); *In re Automotive Refinishing Paint Antitrust Litig.*, 2008 U.S. Dist. LEXIS 5679, at *9-10 (E.D. Pa. Jan. 3, 2008) (granting request for fees equaling one-third of the settlement fund); *In re Ravisent Techs., Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 6680, at *40 (E.D. Pa. Apr. 18, 2005) ("courts within this Circuit have typically awarded attorneys' fees of 30% to 35% of the recovery, plus expenses"); *see also Bradburn Parent Teacher Store, Inc. v. 3M*, 513 F. Supp. 2d 322, 342 (E.D. Pa. 2007) (approving a percentage of recovery of 35%, plus reimbursement of expense); *In re FAO Inc. Sec. Litig.*, 209 F. Supp. 2d 423, 433-34 (E.D. Pa. 2001) (approving a fee request of one-third of the settlement fund plus nearly $1,800,000.00 in expenses).

[4] *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 187 (3d Cir. 2005) (quoting *In re GMC Pick-Up Truck Fuel Tanks Prod. Liab. Litig.*, 55 F.3d 768, 820 n. 39 (3d Cir. 1995)).

of the fund should share the wealth with the lawyers whose skill and effort helped create it."[5]

The common fund here is $1.8 million. In determining what constitutes a reasonable percentage fee award, a district court must consider the ten factors identified by the Third Circuit in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000), and *Prudential*, 148 F.3d 283. The Third Circuit explained in *In re Diet Drugs* that the *Gunter/Prudential* factors for which this Court must conduct a "robust assessment" are:

> (1) the size of the fund created and the number of beneficiaries, (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel, (3) the skill and efficiency of the attorneys involved, (4) the complexity and duration of the litigation, (5) the risk of nonpayment, (6) the amount of time devoted to the case by Class Counsel, (7) the awards in similar cases, *Gunter*, 223 F.3d at 195 n. 1; *Prudential*, 148 F. 3d at 336-40, (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of settlement, *Prudential,* 148 F.3d at 338-40; *see also AT&T,* 455 F.3d at 165 n.34.[6]

While the Court should consider each factor, "[t]he fee award reasonableness factors 'need not be applied in a formulaic way' because each case is different, 'and in certain cases, one factor may outweigh the rest.'"[7] Applying these factors clearly demonstrates that Class Counsel's fee request is reasonable.

### 1. One-Third of the Settlement Fund is a Reasonable Percentage Based On The Size Of The Fund Created.

An award of one-third of the $1.8 million settlement fund or $600,000, is a reasonable

---

[5] *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994).

[6] *In re Diet Drugs*, 582 F.3d at 540.

[7] *AT&T*, 455 F.3d at 166 (quoting *Rite Aid*, 396 F.3d at 301).

amount that easily falls within the range of amounts approved by courts in this Circuit in similar cases. For sure, "courts within this Circuit have typically awarded attorneys' fees of 30% to 35% of the recovery, plus expenses."[8]

### 2. The Presence or Absence of Substantial Objections by Members of the Class to the Settlement Terms and/or Fees Requested by Counsel.

There are no objections to the proposed settlement terms including the requested attorneys' fees, cost reimbursement, payments for the cost of notice and administration or the proposed incentive award to the Class Representative.

### 3. Class Counsel are Skilled and Efficient Litigators.

Class Counsel are highly experienced in litigating complex class actions. *See* Exhibits A, B, and C (Declaration of Patrick Howard, Esq., Declaration of Lee Shalov, Esq., Declaration of Angela Edwards, Esq.). In this case, Class Counsel fought well-heeled Defendants and sophisticated defense counsel for more than four years to obtain this recovery. Defendants left no stone unturned in seeking to quash the Class' claims, including seeking to compel arbitration, multiple motions for dismissal pursuant to Rule 12, a motion for summary judgment, opposition to class certification, application to the Third Circuit for leave to appeal, and full preparation for

---

[8] *Ravisent*, 2005 U.S. Dist. LEXIS 6680, at *40; *see also Auto. Paint.*, 2008 U.S. Dist. LEXIS 569, at *9-10 (awarding requested fees of one third of the multi-million dollar settlement fund); *In re Remer on Direct Purchaser Antitrust Litig.*, 2005 U.S. Dist. LEXIS 27012, at *10 (D.N.J. Nov. 9, 2005) (awarding fees of 33 1/3% from $75 million settlement fund); *Godshall v. Franklin Mint Co.*, 2004 U.S. Dist. LEXIS 23976, at *18 (E.D. Pa. Dec. 1, 2004) (awarding a 33% fee and noting that "[t]he requested percentage is in line with percentages awarded in other cases"); *In re Gen. Instrument Sec. Litig.*, 209 F. Supp. 2d 423, 433-34 (E.D. Pa. 2001) (awarding one-third of a $48 million settlement fund); *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 150 (E.D. Pa. 2000) (an "award of one-third of the fund for attorneys' fees is consistent with fee awards" by district courts in the Third Circuit); *In re Greenwich Pharm. Sec. Lit.*, 1995 U.S. Dist. LEXIS 5717, at *16-17 (E.D. Pa. April 26, 1995) (holding that "[a] fee award of 33.3 percent is in line with the fee awards approved by other courts"); *In re FAO, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 16577, at *5 (E.D. Pa. May 20, 2005) (awarding fees of 30% and 33%)

trial. Settlement was only reached the evening before the parties were scheduled to pick a jury and commence trial the next morning. Class Counsel was prepared to proceed with the trial, however, believed that the settlement was in the best interest of the Class.

### 4. The Litigation Was Novel and Complex.

This matter presented complex legal issues regarding the liability of a defendant for unjust enrichment where a plaintiff entered into a contract with a third party. As stated above, Defendants made countless legal challenges to Plaintiff's liability theory, including during the pre-trial proceedings. Novel legal issues are "factors which increase the complexity of class litigation."[9] This factor therefore also favors the approval of the fee.

### 5. Class Counsel Faced A Substantial Risk of Nonpayment.

Class Counsel's fee award was contingent on the success of the litigation. The mere fact that this is a contingency case highlights the risk of nonpayment.[10] If the Court granted Defendants' motion for summary judgment as it did with KAE or denied class certification, there was a substantial likelihood that Class Counsel would have lost their investment in this litigation entirely. Accordingly, this factor weighs in favor of the requested fee award.

### 6. Class Counsel Devoted 5,312.8 Hours to Prosecuting This Action To Date.

Class Counsel devoted 5,312.8 hours prosecuting this case, which represents a time investment of $2,956,189.50 at current rates. *See* Exs. A, ¶7; B, ¶7; & C, ¶5. Importantly, this figure is *after* Class Counsel excluded from their calculations time spent on tasks devoted exclusively to the KAE portion of the case, including preparing for and attending the depositions of the dismissed named plaintiffs as well as subpoenaing, traveling and

---

[9] *In re Cendant Corp. Prides Litig.*, 243 F.3d 722, 741 (3d Cir. 2001).

[10] *See Hall v. Best Buy Co.*, 274 F.R.D. 154, 173 (E.D. Pa. Mar. 24, 2011) ("while this case has been pending, Class Counsel have not received any payment, and, by proceeding on a contingent-fee basis, ran substantial risk of nonpayment....").

5

deposing KAE's third-party administrator, Assurant.

After four years of hard-fought litigation a settlement was reached only on the eve of trial, which demonstrates Class Counsel's devotion to the litigation and willingness to see the matter through conclusion. This factor weighs in favor of granting Class Counsel's request.

### 7. Awards In Other Class Settlements Makes Clear That Class Counsel's Fee Request Is Reasonable.

As set forth *supra,* fee awards of one-third are well in the range of well-accepted awards in this Circuit,[11] as well as common fund awards nationwide.[12] Accordingly, this factor supports Class Counsel's request.

### 8. The Benefit to the Class Is Directly Attributable to the Efforts of Class Counsel.

The Class' recovery is completely attributable to the efforts of Class Counsel – without dispute. Defendants ended the practice of charging for PrivacyGuard in 2014, but did not return any monies to those who did not receive credit monitoring or identity theft protection. Without Class Counsel's work, the Class would have had no money returned to them. This factor weighs heavily in favor of the requested fees.

### 9. The Requested Fee is Consistent With the Percentage Fee That Would Have Been Negotiated in a Private Contingent Fee Arrangement.

"The 33-1/3% fee requested here is consistent with private contingent fee arrangements

---

[11] *See, e.g., Ravisent*, 2005 U.S. Dist. LEXIS 6680, at *40; *Hall*, 274 F.R.D. at 173.

[12] *See Menkes v. Stolt-Nielsen S.A.*, 2011 U.S. Dist. LEXIS 7066, at *15-16 (D. Conn. Jan. 25, 2011) (granting fee request of 33 1/3 percent of common fund in class action settlement); *Spann v. AOL Time Warner, Inc.*, 2005 U.S. Dist. LEXIS 10968, 2005 WL 1330937, at *8 (S.D.N.Y. June 7, 2005) (33.3% fee award); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 369 (S.D.N.Y. 2002) (33.33% fee award); *In re Blech Sec. Litig.*, 2002 U.S. Dist. LEXIS 23170, 2002 WL 31720381, at * 1 (S.D.N.Y. Dec. 4, 2002) (33.3% fee award).

6

in this District."[13]  The requested fee is reasonable.

### 10. The Factor Focusing on Any Innovative Terms of Settlement.

This factor is neutral.  Class Counsel negotiated a standard common benefit fund class settlement.  Defendants hold no reversionary interest in the settlement fund.  In other words, all the monies will be distributed to the Class members and to the extent there is a balance it will be donated to charity with the Court's approval.

### B. The Lodestar Cross-Check Confirms the Reasonableness of the Requested Fee.

Courts in the Third Circuit often examine the lodestar calculation as a cross-check on the percentage fee award.  "The lodestar cross-check calculation need entail neither mathematical precision nor bean-counting. The district courts may rely on summaries submitted by the attorneys and need not review actual billing records."[14]  The cross-check is not designed to be a "full-blown lodestar inquiry," but rather, it is an estimation of the value of counsel's investment in the case.[15]  The Third Circuit recommends the use of the lodestar cross-check "as a means of assessing whether the percentage-of-recovery award is too high or too low."[16]

The cross-check analysis is a two-step process. First, the lodestar is determined by multiplying the number of hours reasonably expended by the reasonable rates requested by the

---

[13] *Mehling v. New York Life Ins. Co.*, 248 F.R.D. 455, 464 (E.D. Pa. 2008) (citing *Bradburn*, 513 F. Supp. 2d at 340 (finding a fee of 35% to be consistent with private contingent fee arrangements)); *In re Ikon Office Solutions, Inc.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("[I]n private contingency fee cases . . . plaintiffs' counsel routinely negotiate agreements providing for between thirty and forty percent of any recovery.").

[14] *Rite Aid*, 396 F.3d at 306-307; *Prudential*, 148 F.3d at 341 (finding no abuse of discretion where district court "reli[ed] on time summaries, rather than detailed time records").

[15] Third Circuit Task Force Report, Selection of Class Counsel, 208 F.R.D. 340, 422-23 (2002) (noting that "[t]he lodestar remains difficult and burdensome to apply, and it positively encourages counsel to run up the bill, expending hours that are of no benefit to the class").

[16] *In re Diet Drugs*, 582 F.3d at 544 (citing *Rite Aid*, 396 F.3d at 306-07).

attorneys.[17]  Second, the court determines the multiplier required to match the lodestar to the percentage-of-the-fund request made by counsel, and determines whether the multiplier falls within the accepted range for such a case.  Here, the lodestar cross-check confirms the Payment of Attorneys' Fees of $600,000, will result in a negative multiplier of .20.

Beginning as early as 2012, Class Counsel began investigating this case.  Since that time, Class Counsel and staff reported spending a total of 5,312.8 hours working on this case, excluding certain specific KAE only tasks.  *See* Exs. A, ¶7; B, ¶7; & C, ¶5.  As the Court is aware, Plaintiffs were fully prepared to begin trial on February 19, 2019, including preparing all the necessary pre-trial motions and submissions.  Indeed, the work devoted strictly to that effort alone would warrant the requested fee of $600,000.  Absent the commitment to the PrivacyGuard claim by Class Counsel and their vigorous prosecution, the Class would not have recovered.

The hourly rates charged by Class Counsel are also reasonable based on each person's position, experience level, and location and are consistent with rate approvals by courts in this District.[18] *See* Exs. A, ¶7; B,¶¶3-6; & C, ¶5.

Taking into account the several factors discussed above, the complexity and risk of the litigation, and the skill and experience of counsel, Class Counsel's lodestar supports their requested fee award of $600,000.

## II.     CLASS COUNSEL SHOULD BE REIMBURSED FOR THEIR EXPENSES

"There is no doubt that an attorney who has created a common fund for the benefit of the

---

[17] *See Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000).

[18] *Flores v. Express Services, Inc.*, 2017 WL 1177098 (using rates of $225 to $725 for attorneys $180 for paralegals and in lodestar cross-check); *Serrano v. Sterling Testing Sys., Inc.*, 711 F. Supp. 2d 402, 422 (E.D. Pa. 2010) (finding reasonable rates of $650 for partners and $125-$225 for paralegals).

class is entitled to reimbursement of reasonable litigation expenses from that fund."[19]  The appropriate analysis to apply in deciding which expenses are compensable in a common fund case of this type is whether the particular costs are the type typically billed by attorneys to paying clients in the marketplace.[20]

The categories of expenses for which Class Counsel seek reimbursement here are the type of expenses routinely charged to hourly clients, including (1) copying costs, (2) postage, (3) legal research, (4) depositions and deposition transcripts, (5) expert witness fees, (6) travel for court appearances and depositions, (7) costs associated with an electronic database for document production hosting, (8) filing and service fees, (8) mediation fees, (9) jury consulting services, and (10) courtroom technology specialists. *See* Exs. A, ¶9; B,¶9 & C,¶7.  Again, and just like with the lodestar calculation, Class Counsel has specifically excluded from their request cost reimbursement costs related to certain KAE specific tasks, including costs associated with the travel of the dismissed plaintiffs, their depositions, and deposition transcripts. Exs. B, ¶8. Likewise, Class Counsel excluded costs associated with traveling to and conducting the deposition of KAE's third-party administrator, Assurant, in Miami, Florida.  Ex. A, ¶9.

In addition to all of the regular litigation costs, it is important to note that Class Counsel incurred the significant expense of $30,319.54 to disseminate notice to the certified, litigated Class in March 2018 after class certification and prior to trial. Ex. A, ¶9.

### III. JENNIFER UNDERWOOD DESERVES AN INCENTIVE AWARD

Finally, Class Counsel requests that the Court award $5,000.00 to Jennifer Underwood for her time and effort in bringing about the relief to the Class. District courts have "broad

---

[19] *In re Rent-Way Secs. Litig.*, 305 F. Supp. 2d 491, 519 (W.D. Pa. 2003); *In re Corel Corp. Inc. Secs. Litig.*, 293 F. Supp. 2d at 498 (citation omitted).

[20] *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (allowing recovery of "out-of-pocket expenses that would normally be charged to a fee paying client").

discretion to award payment to class representatives for their efforts to benefit the class."[21] "Factors courts use to evaluate the appropriateness of awards include the financial, reputational and personal risks to the plaintiff; the degree to which the Plaintiff was involved in discovery and other litigation responsibilities; the length of the litigation; and the degree to which the named plaintiff benefited (or not) as a class member."[22]

Ms. Underwood was actively involved in all aspects of the litigation and was present in Philadelphia after traveling from her California home preparing for trial at the time the settlement was reached. *See* Exhibit D, at 2 (Declaration of Jennifer Underwood in Support of Final Approval of Partial Settlement and Plaintiff Service Award). Ms. Underwood previously had traveled to Philadelphia to prepare for and participate in her deposition. *Id*. She searched for and provided documents, including electronically stored information, and responded to the Defendants' interrogatories and requests for admissions. *Id*. Ms. Underwood was consistently updated about the status of the litigation and was consulted about the settlement terms. *Id*. The $5,000 incentive award is certainly well-deserved for all of Ms. Underwood's efforts in obtaining relief for the Class.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff and Class Counsel respectfully request that the Court: (1) award Class Counsel $600,000 as attorneys' fees, (2) award reimbursement of litigation costs in the amount of $220,978.94; (3) a payment to the Court approved notice and claims administrator, Epiq, for the cost associated with administering the settlement; and (4) approve the payment of $5,000 to Plaintiff Jennifer Underwood as an incentive award for serving as the Class Representative.

---

[21] *Hall*, 274 F.R.D. at 173.

[22] *Id.*

Respectfully submitted,

DATE:  June 10, 2019	BY: *S/ Patrick Howard*
Patrick Howard (PA Atty. I.D. No. 88572)
Charles J. Kocher (PA Atty. I.D. No. 93141)
**SALTZ, MONGELUZZI, BARRETT**
**& BENDESKY, P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA  19103
Phone:  (215) 496-8282
Fax:  (215) 496-0999
E-mail:  sparis@smbb.com
E-mail:  phoward@smbb.com
E-mail:  ckocher@smbb.com

Lee S. Shalov
**McLAUGHLIN & STERN LLP**
260 Madison Ave.
New York, NY 10016
Tel: (646) 278-4298
Cell: (516) 359-1825
Fax: (212) 448-0066

*Counsel to Plaintiff and the Class*