IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER UNDERWOOD, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC. and CAPITAL ONE, NATIONAL ASSOCIATION,<br><br>Defendants. | CIVIL ACTION<br><br>Case No.: 2:15-cv-00730 (WB)<br><br>**FILED**<br>JUL 2 4 2019<br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk |

## FINAL ORDER GRANTING APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

AND NOW, this **23rd** day of **July**, 2019, upon consideration of Plaintiff's Motion for Final Approval of the Class Action Settlement (the "Motion") and Memorandum of Law in Support ("Brief") thereto, the accompanying Settlement Agreement, the accompanying Declaration of the Class Counsel, the representations of all counsel during the Fairness Hearing, and all other papers and proceedings herein, it is hereby **ORDERED** as follows:

1. This Court has subject matter jurisdiction over this action and personal jurisdiction over all parties to the Settlement Agreement.

2. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

3. If this Final Judgment and Order of Dismissal is set aside, materially modified, or returned by this Court or on appeal, and it is not fully reinstated on further appeal, this Order shall be vacated and shall have no force or effect whatsoever.

4. The Court concludes that the proposed settlement is a fair, reasonable and adequate compromise of the PrivacyGuard Claims asserted by Plaintiff and the Class in this Action. The Court therefore approves the terms of the Settlement Agreement and the relief to Plaintiff and the Class as contained therein.

5. The Notice, the contents of which were previously approved by the Court, was disseminated in accordance with the procedures required by the Court's Preliminary Approval Order in accordance with applicable law.

6. Plaintiff, the Class and the Defendants and their employees, agents, servants, and officials are bound by this Final Judgment and Order of Dismissal and by the Settlement Agreement.

7. The Court finds that the following nine (9) Class Members have timely and properly opted-out of the settlement, and therefore, are *not* bound by the judgment:

| First Name | Last Name | Address 1 | Address 2 | City | State | Zip Code |
|---|---|---|---|---|---|---|
| Kyle | Lara | 1201 E 8th Ave. | Lot A2 | Fort Morgan | CO | 80701-3701 |
| Norma | Nickoson | 1702 Cameron Ct. | | Lexington | KY | 40505-1502 |
| Mary | Chappa | 1206 Rugby St. | | Oshkosh | WI | 54902-6338 |
| Cynthia | Knecht | 5206 Southfork Blvd. | | Old Hickory | TN | 37138-2083 |
| Rosita | Smith | 7 Roup Rd. | | Montesano | WA | 98563-9367 |
| Mary | Meadows | 3684 Pine Ln. | | Birmingham | AL | 35242-3037 |
| Carol | Schwartz | 2200 Southview Blvd. | Apt. 106 | South St. Paul | MN | 55075-5802 |
| Marsha | Zint | 2905 Woodhaven | | Carrollton | TX | 75007-5421 |
| Brenda | Richwine | 7212 Constitution Hill Pl. | | Indian Land | SC | 29707-8005 |

8. The Court dismisses, on the merits and with prejudice, all PrivacyGuard Claims currently pending before it against the Defendants, as well as any employees, agents, servants, or officials thereof, belonging to the Class who did not request exclusion from the class in the time and manner provided for in the Notice ("Class Members"). As of the Effective Date of this

Settlement Agreement, the Class Representative and the Class Members shall be deemed to hereby fully and irrevocably release, waive, and discharge the Defendants and their employees, agents, servants, and officials from all PrivacyGuard Claims.

9. The Court awards Class Counsel the reasonable attorneys' fees in the amount of $600,000.00 and reimbursement of reasonable litigation costs in the amount of $220,726.59. The Court further awards named Plaintiff Jennifer Underwood an incentive fee award of $5,000.00.

10. The Court also awards the Settlement Administrator, Epiq Systems, up to, but not to exceed, $62,000, for cost and expenses associated with the Class Notice and Settlement Administration.

11. The Settlement Agreement, acts performed in furtherance of the Settlement Agreement or the settlement set forth therein, and documents executed in furtherance of the Settlement Agreement or the settlement set forth therein may not be deemed or be used as evidence or an admission supporting: (a) the validity of any claim made by the Class Representative, Class Members, or Class Counsel; (b) any wrongdoing or liability of the Defendants or any employees, agents, servants, or officials of the Defendants; or (c) any falter or omission of the Defendants or their employees, agents, servants, or officials in any court, administrative agency or other proceeding.

12. The Settlement Agreement shall not be offered or be admissible in evidence against the Defendants or their employees, agents, servants, or officials, or cited or referenced to in any action or proceeding, except in an action or proceeding that is in furtherance of its terms or to enforce its terms.

13. Without affecting the finality of this Final Judgment and Order of Dismissal in

any way, the Court reserves continuing jurisdiction over the parties regarding the enforcement of the terms of the Settlement Agreement. The Clerk is directed to enter the Final Judgment and Order of Dismissal pertaining to the Defendants.

BY THE COURT:

_____
HON. WENDY BEETLESTONE